

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDERSSON GUSTAFSSON ADVOKATBYRA KB, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.: 1:10-cv-632 |
| eSCRUB SYSTEMS, INC. ) ) ) | |
| Defendant. ) | |

# MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Andersson Gustafsson Advokatbyra, KB's ("Andersson") Motion for Summary Judgment (Dkt. No. 77) and Defendant John Packard's Motion for Summary Judgment (Dkt. No. 83). The Court finds that Andersson's negligence claims are barred by Virginia's two-year statute of limitations and for the following reasons, GRANTS Packard's Motion for Summary Judgment.

The background of this case is detailed in this Court's prior opinions (Dkt. Nos. 22 and 62). To briefly summarize, Defendant, eSCRUB Systems, Inc. ("eSCRUB") retained legal representation from Andersson to resolve a dispute in 2007. The issue before the Court arises from eSCRUB's failure to pay legal fees to Andersson in return for the services rendered. In addition to eSCRUB, Andersson sued three individuals associated with the company, Ralph Genuario, Maija Harkonen, and John Packard, a former director of eSCRUB. Count I alleged breach of contract against eSCRUB, Count II was a claim for misrepresentation as to Packard,

1

Genuario, and Harkonen, and Count III was a claim for breach of fiduciary duty as to Gernuario, Harkonen and Packard.

Defendant Packard moved to dismiss all counts on the basis of lack of personal jurisdiction and failure to state a claim. (Dkt. Nos. 5 and 7). This Court entered a default judgment against eSCRUB regarding Count I and found that Plaintiff pled sufficient facts to establish jurisdiction and therefore denied Defendant's motion to dismiss on jurisdictional grounds by Order and accompanying Memorandum Opinion dated August 27, 2010 (Dkt. Nos. 22, 23). The Court determined that Plaintiff failed to allege a sufficiently plausible basis for relief against Defendant Packard in Counts II and III, and granted Defendant's Motion to Dismiss without prejudice for Failure to State a Claim.

Plaintiff then filed its First Amended Complaint and re-asserted the claims in Counts II and III. (Dkt. No. 34). Defendant Packard moved to dismiss the First Amended Complaint on the same grounds as its previous motion, failure to state a claim and lack of personal jurisdiction. (Dkt. Nos. 35 and 37). The Court again denied the Motion to Dismiss for lack of personal jurisdiction finding that Plaintiff's factual allegations to establish personal jurisdiction had not changed from the initial complaint. (Dkt. No. 62). Count III was again dismissed. Only Count II, misrepresentation, remains, and the parties have filed cross-motions for summary judgment. The parties argue two dispositive issues: first whether Andersson's claim is barred by the statute of limitations, and second, whether Packard is subject to personal jurisdiction. The Court resolves the matter in favor of Packard because the applicable statute of limitations bars the claims against him.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine issue exists when there is "sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party." *Anderson v. Liberty Libby, Inc.*, 477 U.S. 242, 255 (1986)

At earlier stages of the litigation, the parties disputed whether Plaintiff's cause of action sounded in negligence or fraud. In the first opinion, the Court determined that Plaintiff likely would not be able to maintain a fraud complaint under the law of Virginia, but opted to analyze the choice of law with the benefit of a full record. Plaintiff has not carried its burden of proving that foreign law should control, as the Court cannot conclude with the evidence submitted that we must apply the law of Sweden. See also, Report and Recommendation, Docket #92. It is well established that statutes of limitation, being procedural, are determined by the law of the forum. Whether the Plaintiff's claim is controlled by Sweden, California or Virginia's substantive law, the forum state controls as to procedural matters such as the applicable limitations period.

Significantly, Plaintiff now concedes that it cannot maintain a claim for fraud and thus abandons any fraud-based claim. What remains must be analyzed as a negligence action. Negligence actions in Virginia are limited by a two year statute of limitations. Va. Code § 8.01-

3

243. Virginia's "catch-all" statute of limitations provides that any action for which no limitation is otherwise prescribed shall be brought "within two years after the right to bring such an action has accrued." Va. Code § 8.01-248. There is no discovery rule in Virginia for negligence claims, and as such, the statute of limitations begins to run on the date of the injury. Virginia follows the general rule that "the applicable period of limitation begins to run from the moment the cause of action arises rather than from the time of discovery of injury or damage, and [] difficulty in ascertaining the existence of a cause of action is irrelevant." *Comptroller of Virginia ex rel. Virginia Military Institute v. King*, 217 Va. 751, 759, 232 S.E.2d 895, 900 (Va. 1977). In this case, the Court finds that the alleged injury first occurred when Andersson's invoices came due and eSCRUB failed to pay, in or around December 2007.

Andersson argues for an even earlier date from which we would calculate the injury, November 2007, when the firm commenced its legal representation of eSCRUB. Packard's alleged duty is characterized as "continuing obligation to notify Andersson of the risks of non-payment it ran in performing services for eSCRUB," beginning when the firm started work. This date clearly falls outside of the two year period, as suit was filed in 2010. The statute of limitations for this claim has also run based upon other critical dates. The date the December 2007 bill was rendered and not paid, and the date of May 8, 2008 when Andersson terminated services to eSCRUB, both occurred more than two years before Andersson commenced this suit on June 8, 2010. Although Andersson argues that it only learned the true nature of eSCRUB's and Packard's alleged misrepresentation after June 10, 2008, there is no discovery rule in Virginia for negligence claims. *Comptroller of Virginia, Ex. Rel. Va. Military Inst. V. King*, 232 S.E. 2d 895, 900 (Va. 1977). Andersson filed its claim more than two years after the injury accrued, and is thus barred by Virginia's two-year statute of limitations.

For the aforementioned reasons, this Court GRANTS Defendant's Motion for Summary Judgment as to Count II.

September 7, 2011
Alexandria, Virginia

                                      /s/
                               Liam O'Grady
                               United States District Judge